UNITED STATES DISTRICT COURT
EASTERN OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY,

    Plaintiff,                                        Case No. 12 – 14479

v.                                                Hon. Stephen J. Murphy, III
                                                    Mag. Judge Laurie J. Michelson

AARON WALLACE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT [10]**

In this declaratory judgment action, Plaintiff State Farm and Casualty Company ("Plaintiff" or "State Farm") seeks a ruling that a homeowners insurance policy it issued to Defendant Aaron Wallace ("Defendant" or "Wallace") does not require it to defend or indemnify Wallace in a pending state-court lawsuit. (Dkt. 1, Compl.) After Defendant failed to answer or otherwise respond to the Complaint for Declaratory Judgment, Plaintiff sought and obtained a clerk's entry of default. (Dkt. 9.) Plaintiff then filed the present Motion for Default Judgment (Dkt. 10) which has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 12). Defendant has not responded to the Motion. The Court has carefully considered the relevant briefing and pleadings and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Motion be GRANTED.

**I.    BACKGROUND**

State Farm issued a Homeowners Insurance Policy to Mr. Wallace for the policy period of November 19, 2010 to November 19, 2011. (Dkt. 1, Compl. at ¶ 14.) The Policy addresses coverage for claims and suits brought against an insured for damages because of bodily injury,

including an apparent exclusion from coverage for bodily injury "which is either expected or intended by the insured; or . . . which is the result of willful and malicious acts of the insured." (*Id*. at ¶ 15.)

On January 23, 2012, Wallace was sued in Oakland County Circuit Court. (*Id*. at ¶ 5.) The lawsuit alleges that "[o]n November 13, 2011, while patronizing . . . South Lyon Hotel's business establishment, . . . Plaintiff Robert Hahn was attacked and assaulted by Defendant Aaron Wallace" in that Wallace "poured, at least, some of the contents of a drinking glass onto Plaintiff's head," and "smashed a drinking glass into Plaintiff's left eye." (*Id*. at ¶ 3, Ex. A.)

On October 10, 2012, State Farm brought the present lawsuit against Wallace seeking "a declaration from this Court as to State Farm's obligations, if any, to Mr. Wallace with respect to the Underlying Lawsuit under the State Farm Policy and applicable law." (*Id*. at ¶ 18.) More specifically, State Farm seeks a declaration that, pursuant to the terms of the Policy, no insurance coverage exists for Mr. Wallace for the Oakland County litigation. (*Id*. at ¶¶ 20-26.) State Farm alleges that the injuries in the underlying lawsuit fall within the exclusion provisions of the Policy and that Defendant failed to comply with the Policy's notice provisions. (*Id*.) Accordingly, in its request for relief, State Farm seeks a declaration that it owes no duty to defend or indemnify Mr. Wallace under the State Farm Policy for the state court lawsuit. (*Id*. at p.7.)

Wallace was personally served with the Complaint on October 24, 2012. (Dkt. 4.) He subsequently requested and received from State Farm's counsel – by email correspondence – several extensions of time to respond to the Complaint. (Dkt. 10, Mot. Default J. at Exs. A-D.) On January 4, 2013, State Farm agreed to a final two-week extension of time and expressly advised Defendant that if he did not file an answer by January 18, 2013, it would move for a default. (*Id*. at ¶ 6, Ex. D.)

No appearances or responses were filed by that date. (*Id.* at ¶ 8.) Accordingly, on January 21, 2013, State Farm requested a Clerk's Entry of Default for Defendant's failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 12 (Dkt. 8), which was granted on January 22, 2013 (Dkt. 9). On that same day, State Farm filed the present Motion for Default Judgment. (Dkt. 10.) Defendant did not file a response.

## II.   ANALYSIS

### A.   Default Judgment Requirements

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a default judgment is sought failed to appear in the action and is not a minor or incompetent, notice of the motion is not required. Fed. R. Civ. P. 55(b)(2). Defendant is not a minor or incompetent. Nonetheless, State Farm provided notice: it not only advised Defendant that it would seek a default judgment if he did not answer, it also personally served on Defendant the Clerk's Entry of Default and a copy of the Motion for Default Judgment. (Dkt. 11.)

Additionally, the Court "must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). Here, Plaintiff has sufficiently alleged diversity jurisdiction. (Compl. at ¶¶ 9-11.) The Court also has jurisdiction over the parties. Plaintiff consented to the Court's jurisdiction over it by filing the action here and Defendant is alleged to be domiciled in the state of Michigan. (*Id.* at ¶ 12.)

Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *Hanner v. City*

*of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, *1 (E.D. Mich. July 14, 2008); *see also Hickman v. Burchett*, No. 07-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)). Once a default has been entered by the Clerk, all of the plaintiff's well-pleaded allegations are deemed admitted. *Cross*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Additionally, once a default is obtained, the proponent may file for default judgment by the clerk or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, "the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id*.

    **B.**    **Entry Of A Default Judgment Is Warranted**

Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11-10385, 2011 U.S. Dist. LEXIS 57652, at *4 (E.D. Mich. May 31, 2011) (Murphy, J.); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2685 (3rd ed. 1998).

Here, Defendant was personally served with the Complaint and, despite numerous extensions of time, has failed to answer or otherwise respond. Plaintiff is not seeking money damages and thus, a hearing is not required. The Clerk has properly entered a default and, as a result, Defendant is bound on the issue of liability as to the factual allegations in the Complaint. In other words, State Farm's allegations that the injuries alleged in the underlying state court action (1) were not caused by an "occurrence" as defined by the State Farm Policy, (2) were expected or intended by Defendant and are therefore excluded by the "expected or intended" exclusion, and (3) were the result of willful and malicious acts of Defendant and are therefore within the exclusion, are deemed admitted. *Cross*, 441 F. Supp. 2d at 846. Therefore, "State Farm has no duty to defend or indemnify [Defendant] under the [Homeowners Insurance] Policy at issue and is entitled to its requested declaratory relief against [Defendant]." *State Farm Fire & Cas. Co. v. Piron*, No. 11-11375, 2011 U.S. Dist. LEXIS 91713, at *4 (E.D. Mich. July 28, 2011), *adopted by* 2011 U.S. Dist. LEXIS 91712 (E.D. Mich., Aug. 17, 2011); *see also Essex Ins. Co. v. Xtreme Fitness, Inc.*, No. 11-12293, 2012 U.S. Dist. LEXIS 20670 (E.D. Mich. Feb. 17, 2012) (finding that plaintiff was entitled to a default judgment where plaintiff sought a declaration that it had no duty to defend or indemnify its insured in a state court tort action where all of the requirements of Fed. R. Civ. P. 55 were satisfied); *Empire Fire & Marine Ins. Co. v. Herren*, No. 11-820, 2012 U.S. Dist. LEXIS 161507 (D. Conn. Oct. 11, 2012) (granting plaintiff insurance company's motion for default judgment where plaintiff sought a declaratory judgment that it owed no duty to defend and/or indemnify its insured in a tort action where the insured failed to appear or take any action in the case).

**III.   CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons stated above, the Court **RECOMMENDS** that Plaintiff's

Motion for Default Judgment (Dkt. 10) be **GRANTED** and a Judgment be entered that State Farm owes no duty to defend and/or indemnify Defendant Aaron Wallace under the State Farm Homeowners Policy for the underlying lawsuit (brought by Robert Hahn) in Oakland County Circuit Court.

Additionally, the hearing scheduled for April 23, 2013 is hereby **CANCELLED.**

## IV.     FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation by the district judge within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and

a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: April 3, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 3, 2013.

s/Jane Johnson
Deputy Clerk